IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILLIP D. JACOBS,

                      Plaintiff,                      Case No. 3:02 CV 7512

    -vs-

REGINALD WILKINSON, et al.              MEMORANDUM OPINION
                                                  AND ORDER
                      Defendant.

KATZ, J.

This matter is before the Court on Plaintiff Phillip Douglas Jacobs' motions to reopen the case (Doc. 42) and for leave to file a declaration to consolidate Plaintiff's complaint and this Court's prior screening order (Doc. 49). This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff is an inmate currently incarcerated at the Mansfield Correctional Institution. He first filed this action pursuant to 42 U.S.C. § 1983 on October 22, 2002 (Doc. 1). It claimed constitutional violations arising from prison officials allegedly forcing Plaintiff to shave his beard in contravention of his religious beliefs and allegedly denying him proper medical work restrictions. On June 5, 2003, the Magistrate Judge recommended that a motion to dismiss by Defendants be granted due to Plaintiff's failure to exhaust administrative remedies with regard to some of his claims before the Ohio Department of Rehabilitation and Correction prior to bringing this suit. (Doc. 33.) On December 15, 2003, this Court adopted with slight modifications the Magistrate's report and recommendation, dismissing all of Plaintiff's claims based on a finding that Plaintiff had not exhausted his administrative remedies with regard to some of those claims (although he had exhausted his administrative remedies as to others of his claims). (Doc. 41.)

The action was dismissed without prejudice, and no appeal was taken. No activity has transpired in this case at all, save periodic submissions of partial filing fees.

On January 22, 2007, the Supreme Court held, in pertinent part, that under the Prison Litigation Reform Act of 1995, courts should not dismiss prisoner complaints in their entirety when the plaintiff presents both exhausted and unexhausted claims. *Jones v. Bock*, 127 S.Ct. 910, 923-26 (2007) (holding that (1) "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"; (2) "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances"; and (3) where a complaint contains both exhausted and unexhausted claims, the district court should proceed with the exhausted claims while dismissing the unexhausted claims, rather than dismissing the complaint in its entirety). In other words, "[a]s a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." *Id.* at 924. In so holding, the Court overruled previously established Sixth Circuit precedent that held that all of a prisoner's claims should be denied if any of them are unexhausted. *See, id.*, abrogating *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), and *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002).

On July 11, 2007, Plaintiff filed a motion to reopen this matter in light of the Supreme Court's opinion in *Jones*. (Doc. 42.) In what this Court construes as a motion under Rule 60(b) of the Federal Rules of Civil Procedure, Plaintiff argues that his previously decided case falls under *Jones* and should be reopened with regard to the claims which this Court has previously found to be unexhausted.

Fed. R. Civ. P. 60(b)-(c) provides the following:

2

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> > (4) the judgment is void;
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> > (6) any other reason that justifies relief.
> 
> (c) **Timing and Effect of the Motion.**
> > (1) *Timing*. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
> > (2) *Effect on Finality*. The motion does not affect the judgment's finality or suspend its operation.

FED. R. CIV. P. 60.

In *Okoro v. Hemingway*, 481 F.3d 873 (6th Cir. 2007), a prisoner appealed a ruling of the district court that was based on the Sixth Circuit precedent overruled in *Jones*. The Circuit considered the prisoner's motion as a 60(b)(1) motion made on the basis of a "mistake [] based on legal error." *Okoro*, 481 F.3d at 874. Such a finding subjects a motion to a one-year deadline. FED. R. CIV. P. 60(c)(1). The district court order ultimately dismissing the plaintiff's claims was issued on July 12, 2006. The case was submitted before the Sixth Circuit on January 30, 2007 and decided and filed on April 3, 2007. Additionally, even in response to the district court's initial dismissal, which was originally filed August 16, 2005, the plaintiff filed additional motions (such as for reconsideration, refiling, and reopening) on August 24, 2005; October 5, 2005; November 15, 2005; and February 7, 2006. *See generally,* Docket, Case No. 2:05CV70269, *Okoro v. Krueger*, 2006 WL 1494637, 2006 WL 1976190, 2007 WL 3333476, 2007 WL 3333472 (E.D.

Mich 2006-07). The Circuit reversed and remanded the district court's dismissal, holding that, "As *Jones* makes clear, the precedent of our Court, upon which the district court relied in dismissing Okoro's complaint, was a mistaken interpretation of the Prisoner Litigation Reform Act. Thus, in light of *Jones*, Okoro is entitled to relief from judgment under Rule 60(b)(1)." *Okoro*, 481 F.3d at 874.

In *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86 (1993), the Supreme Court addressed the retroactivity of its decisions.

> When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

*Id*. at 97.

In *Smith v. Pennell*, 2007 WL 1814664 (W.D. Mich. 2007), the court denied the reopening of a PLRA case sought pursuant to *Jones*. The court had dismissed the case for failure to exhaust administrative remedies against some defendants with regard to some claims on January 18, 2005. The plaintiff filed a motion to reconsider on February 7, 2005, which was denied, and the Sixth Circuit denied his appeal on September 27, 2005 for want of prosecution. Over a year and a half later, on May 17, 2007, the plaintiff filed a Rule 60 motion, citing *Jones*. The court applied the language of *Harper*, supra, denying the plaintiff's motion because his case was no longer "open or on direct review at the time that *Jones* [was] issued. . . ." *Smith*, 2007 WL 1814664 at *1 (citing *Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6).")). *Cf. Dina v. Lorain Correctional Inst.*, 2007 WL 4443028 at *1 (N.D. Ohio 2007) ("Because [the plaintiff's] appeal was pending when the *Jones* opinion was rendered, the Sixth Circuit reversed

4

the [d]istrict [c]ourt's judgment and remanded the case for review in light of *Jones*."); *Fisher v. Primstaller*, 215 Fed.Appx. 430 (6th Cir. 2007) ("After Fisher brought the present appeal, the Supreme Court granted certiorari in *Jones v. Bock*, 547 U.S. 1002, 126 S.Ct. 1462, 164 L.Ed.2d 246 (2006), and we held his appeal in abeyance pending the disposition of that case.").

In the case before this Court, the time period between the dismissal of Plaintiff's case and the issuance of *Jones* is nearly double that in *Smith*. This Court issued its decision adopting, with some amendment, the Magistrate's report and recommendation on December 15, 2003. Nothing happened in this case between then and the issuance of *Jones* on January 22, 2007. That time period is approximately three years. The case was closed, there was no appeal, and Plaintiff filed no motions in that time period. This Court reads the Supreme Court's language in *Harper* to preclude applying *Jones* retroactively to a case that has been closed for three years and was no longer open or on direct review when *Jones* was issued. In fact, even if this Court considered it a legal mistake to follow the Sixth Circuit's interpretation of PRLA, as the Circuit did in *Okoro*, Plaintiff would still only have one year under Rules 60(b)(1) and (c)(1) to move to reopen his case. Even then, the one year period, as well as any preexisting period for direct appeal, has passed.

For the reasons discussed herein, Plaintiffs motion to reopen pursuant to Fed. R. Civ. P. 60(b) is hereby denied (Doc. 42). Plaintiff's motion to consolidate is denied as moot (Doc. 49).

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE